IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL PRUITT,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| v. | : | No. 09-cv-1625 |
| **JEFFERY BEARD, <u>ET</u> <u>AL.</u>,** | : | |
| *Respondents*. | : | |

Goldberg, J.                                                                                          April 28, 2020

### MEMORANDUM OPINION

Presently before me is a discovery dispute in a federal habeas matter. In the underlying state court proceedings, Petitioner, Michael Pruitt, was convicted of first-degree murder and related offenses for the killing and sexual assault of Greta Gougler. Petitioner was subsequently sentenced to death, and the Pennsylvania Supreme Court affirmed his conviction and sentence. Petitioner sought and obtained discovery during state court proceedings.

Petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, seeking relief from his convictions and death sentence. (ECF No. 94.) On February 27, 2019, Petitioner filed a Motion for Discovery, seeking access to and testing of certain forensic evidence. (ECF No. 117.) On December 18, 2019, Respondents filed an opposition to the motion. (ECF No. 127.) On January 21, 2020, Petitioner submitted a reply. (ECF No. 131.) After a review of the pleadings and the available state court records, I conclude that the Motion is premature and must be dismissed without prejudice to Petitioner's right to resubmit the request after I have received pleadings from both parties and the state court record.

1

The broad discovery provisions applicable to ordinary civil cases do not apply in the habeas context. Instead, I must apply the "good cause" standard set forth in Rule 6(a) of the Rules Governing Habeas Cases. As the Supreme Court has explained, good cause is shown "where specific allegations before the court show reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 295 (1969)).

Petitioner has argued that this discovery is necessary to provide the basis to support several claims included in his Petition. (ECF No. 117 at 7). But Petitioner's argument that this evidence might support a *de novo* review of these claims on the merits does not adequately engage the "good cause" standard that I am obligated to apply.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state court proceedings." *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011)). "A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).[1] Here, Petitioner is seeking additional evidence to support his arguments on the merits of several of his claims. But he has not yet provided the Court with any information on whether the evidence sought could be considered in these proceedings due to the significant procedural hurdles applicable to a habeas case.

---

[1] Relying on the Third Circuit's opinion in *Williams*, Petitioner argues that *Pinholster* is irrelevant at this stage in proceedings. But the *Williams* court did not say that *Pinholster* was irrelevant. The Court explained that I should not give a state court's conclusion about the availability of discovery the same deference that I would give a state court's determination on the merits of a claim. *Williams v. Beard*, 637 F.3d 195, 211 n. 14 (3d Cir. 2011). I am not deferring to the state court's ruling on discovery, I am determining if the information sought in this discovery could provide the basis for a claim for relief. Indeed, on the record before me, it appears that Petitioner never sought this discovery in state court, so this is clearly not a situation where I am improperly deferring to a state court conclusion on the availability of discovery.

Both parties acknowledge that under *Pinholster* I cannot consider additional evidence beyond that presented to the state court unless and until I determine that the state court's decision was unreasonable.  (ECF No. 131 at 3 (noting arguments that will be included in the forthcoming Memorandum of Law relating to *Pinholster*).)  Further, the parties acknowledge a dispute regarding whether certain claims were procedurally defaulted in state court.  These are both gateway determinations that will impact my ability to consider any of the information requested through the present discovery request.  (ECF No. 131 at 5 (noting arguments that will be included in the forthcoming Memorandum of Law relating to the Pennsylvania Supreme Court's waiver finding).)

Additionally, 28 U.S.C § 2254(e)(2) restricts the development of the factual record in federal court.  The parties agree that some discovery was sought and obtained in state court.  Respondents argue that the present request is for evidence that was never sought in state court.  Recognizing that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts my ability to consider evidence that was not diligently pursued in state court, I will need to review the specific requests for discovery made in the state court and the state court's resolution of those requests as I consider the discovery request submitted here.  However, the record, as it currently stands, is not complete on this point.

As the *Williams* Court explained, "[t]he burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production."  637 F.3d 195, 209.  Here, it is conceded by Petitioner that there are gateway points that have not yet been briefed.  Until I have the opportunity to fully review the state court records, Petitioner's arguments set forth in his memorandum of law, and the Commonwealth's response, I cannot evaluate any of these points.  Therefore, the present request for discovery is premature and is dismissed without prejudice to Petitioner's right to renew the request after briefing is complete.

Accordingly, I am directing the parties to resume their briefing relating to the petition for writ of habeas corpus according to the schedule set out below.  Petitioner is reminded that "[a] habeas corpus petitioner bears the burden of demonstrating that he has met the prerequisites for relief, including the exhaustion of state remedies."  *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987) (citation omitted).  Pursuant to Local Civil Rule 9.4, Petitioner "must list every ground on which the petitioner claims to be entitled to relief under 28 U.S.C. §2254" and he "must identify at what stage of the proceedings each claim was exhausted in state court."  The present petition does not appear to have addressed exhaustion.  Petitioner is directed to address that issue in their Memorandum of Law.

**AND NOW** this 28th day of April, 2020, it is hereby **ORDERED** that:

1. Petitioner's Motion for Discovery (ECF No. 117) is **DENIED WITHOUT PREJUDICE**.

2. Petitioner's Memorandum of Law shall be filed **within 60 days of the date of this Order**.

3. Respondents' Response to the Petition and Memorandum of Law shall be filed **within 60 days of the filing of Petitioner's Memorandum of Law**.

4. If Petitioner wishes to file a Reply Brief, it shall be filed **within 30 days of the filing of Respondents' Response**.

5. If the Respondents believe that a Response to a Reply Brief is necessary, they must seek permission to file the response.

6.	If, after the filing of these pleadings, Petitioner determines that discovery is still necessary, a renewed Motion for Discovery shall be filed **within 30 days of the conclusion of the briefing outlined above**.


**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
_____
**MITCHELL S. GOLDBERG, J.**