IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL PRUITT, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:09-CV-1625 |
| | : | |
| JOHN E. WETZEL, et al. | : | THIS IS A CAPITAL CASE |
| Respondents | : | Electronically Filed |

**COMMONWEALTH'S POST-HEARING MEORANDUM**

TO THIS HONORABLE COURT:

**AND NOW COMES** the Commonwealth of Pennsylvania, by and through the District Attorney of Berks County, represented by Kenneth W. Kelecic, Assistant District Attorney, respectfully presents this memorandum of law after the April 20, 2022 hearing in this matter:

**I        EFFECT OF *SHINN V. RAMIREZ* ON THIS PROCEEDING**

In this matter, Pruitt requested an evidentiary hearing as a part of his amended petitions for Habeas Corpus Relief. (ECF. No. 94 filed November 28, 2017). After a number of other pretrial matters, the Respondents, Commonwealth of Pennsylvania, via the undersigned, filed a response to the Habeas Corpus petition on February 8, 2021. (ECF. No. 151). A phone conference was held on October 6, 2021 between the parties and the court to discuss a potential evidentiary hearing on the matter, which resulted in the Court asking the parties to determine the number of witnesses and time frame needed for a potential hearing. (ECF. No. 162 and 163). The parties were also directed to submit letter briefs in support of their positions in regard to witnesses and hearings. Counsel for Pruitt filed his letter on October 20, 2021 outlining three proposed witnesses: 1) Michael Dautrich, Esquire, to discuss the issue of waiver of post-conviction issues, 2) Dr. Randall Libby to clarify his testimony from the state post-conviction relief hearing regarding DNA evidence, and 3) Dr. William Shields to offer further testimony as

to the DNA evidence presented at the trial and the post-conviction relief hearing. (ECF. No. 166). The Commonwealth responded on October 26, 2021 by taking the position that an evidentiary hearing in this matter was unnecessary. (ECF. No. 167). The Commonwealth supported this contention by stating that Pruitt was the cause of his waiver, and the basis of his current claim was court error not counsel's fault as required by *Martinez v. Ryan* and that the Federal Court should be ruling on the ineffectiveness of trial counsel based upon the state court record as required under the AEDPA.

This Court, after the letter arguments of counsel, scheduled a hearing for April 20, 2022. (ECF. No. 170). At that hearing, the Court heard testimony from Dr. Randall Libby and Attorney Dautrich. Dr. Shield's testimony was delayed because of technical issues and was also objected to by the Commonwealth as it was new testimony not presented at the post-conviction relief stage and was not a part of the state court record. The Court ruled for the Commonwealth in denying Pruitt the ability to call Dr. Shields, and allowed the parties to file post-hearing memorandum after the notes of testimony had been lodged.

Subsequent to the hearing but before memorandum were due, the United State Supreme Court issued a ruling in *Shinn v. Ramirez*, 142 S. Ct. 1718, 212 L. Ed. 2d 713 (2022). The Supreme Court's decision in *Shinn v. Ramirez* held that federal courts cannot consider new evidence in evaluating a claim under Martinez unless the stringent requirements of 28 U.S.C. § 2254(e)(2) are met. The Supreme Court held that "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." The Court reasoned that "under § 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent [and so] a federal court may order an evidentiary hearing or otherwise expand the state-court

record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements." In other words, "when a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied." The Supreme Court also observed that "even if a prisoner overcomes all of these limits, he is never entitled to habeas relief. He must still 'persuade a federal habeas court that law and justice require [it].'

Here the testimony intended to be introduced and made a part of this Court's decision-making process was made inappropriate under both the *Shinn v. Ramirez* decision and the strictures of § 2254(e)(2). First, when looking at the proposed testimony of Attorney Dautrich, it is forbidden by the recent Supreme Court decision. Pruitt wished to offer that testimony in order to show that post-conviction counsel was ineffective in allowing issues outside the DNA evidence to be waived in state court, and thus unexhausted and procedurally defaulted in federal court. This is exactly the sort of testimony and hearing precluded by *Shinn v. Ramirez.*

Under § 2254(e)(2), if a habeas applicant has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless (1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty. § 2254(e)(2)(A)-(B).

In *Ramirez*, the Supreme Court held "that, under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record

based on ineffective assistance of state postconviction counsel." 142 S. Ct. at 1734. The Supreme Court acknowledged that § 2254(e)(2) applies only when there has been "a failure to develop the factual basis of a claim," something that "is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Id. at 1735. The Court reiterated that a prisoner bears the risk for all attorney errors unless counsel provides constitutionally ineffective assistance, but since there is no constitutional right to counsel in a state PCR proceeding, "a prisoner ordinarily must bear responsibility for *all* attorney errors during [PCR] proceedings." Id. (emphasis added). "Among those errors," the Court explained, "a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record." Id. The Court concluded that "under § 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent. In such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements." Id.

In Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), the Court held that "ineffective assistance of postconviction counsel can be 'cause' to forgive procedural default of a trial-ineffective-assistance claim if a State forecloses direct review of that claim." 142 S. Ct. at 1735-36. In Ramirez, the Supreme Court declined to expand Martinez to allow ineffective assistance of PCR counsel to excuse failure to develop the state-court record under § 2254(e)(2), noting that Martinez applied equitable discretion to modify a judge-made rule, but that the courts are powerless to modify a statutory rule such as § 2254(e)(2). Id. at 1736.

In our case, Pruitt cannot meet the strict requirements of § 2254(e)(2) in regard to the testimony of Attorney Dautrich. His claim does not in any way deal with a new Constitutional Rule made retroactive. Further, his claim does not rely on a new factual predicate that could not

be found via the use of due diligence and any error by Attorney Dautrich is attributed to Pruitt. Similarly, this doctrine fits quite well with the Commonwealth's long held argument that the waiver of any claims in this case were caused by Pruitt's choice, not by any error of counsel. Therefore, the testimony of Attorney Dautrich is inappropriate for this court to consider when making a determination as to Pruitt's waiver of all non-DNA based claims of trial counsel error or any newly discovered facts.

Second, Pruitt offered the testimony of Dr. Randall Libby to clarify what his testimony was at the original post-conviction hearing. Under both the *Shinn v. Ramirez* decision and the strictures of § 2254(e)(2) this testimony was also inappropriate and should not be considered by the Court in making a further determination. First, Dr. Libby's testimony does not deal with a new rule of Constitutional law. Second, it is not based on a new factual predicate. In fact, it is based on the same factual predicate as was made during the state post-conviction proceedings. The reason for the testimony offered by Pruitt was to explain and clear up his prior testimony. If post-conviction hearing testimony needed to be clarified, which the Commonwealth believes and has argued was unnecessary as it was sufficiently clear, the failure of it to be clear the first time falls upon post-conviction counsel for Pruitt. This again puts its necessity in contradiction to the *Shinn v. Ramirez* decision. Therefore, the further explanatory testimony of Dr. Libby should not be considered by this Court.

Third, while Pruitt originally sought testimony of Dr. William Shields in regard to the DNA evidence, this Court ruled that it was not going to permit his testimony based on the Commonwealth's argument that it was outside the state court record. (Notes of Testimony, Federal Court Proceeding, April 20, 2022, pg. 89). In his memorandum, Pruitt has withdrawn his argument regarding Dr. Shields. (ECF. No. 178, pg. 6 – paginated as Page 2 in the brief). The

Commonwealth thus offers no further argument but stands on the position previously taken in regard to Dr. Shield's proposed testimony.

In conclusion regarding, the Commonwealth argues that the United States Supreme Court's guidance on this issue precludes this Court from considering the testimony previously taken on April 20, 2022. With that being the case, the factual scenario of this case is no different than when the parties filed their original pleadings. The Commonwealth respectfully requests this court to rule on Pruitt's Habeas Corpus petition based on the previously filed arguments of the parties.

## II.    ARGUMENT

For the sake of brevity and to avoid redundancy, the Commonwealth will only summarily restate the arguments made in the original response. (ECF. 151). Basically, Pruitt's claims can be broken down into two types: the DNA related claims and the non-DNA related claims. Beginning with the non-DNA related claims, the Commonwealth argued at length that each of these claims was waived for failure to exhaust them at the state court level, and at this point, these claims are procedurally defaulted. Pruitt only raised a limited number of issues on direct appeal dealing with the sufficiency of the evidence, his competency to stand trial, evidentiary issues, jury instructions, and mitigation/aggravation factors. On appeal of his PCRA, the Pennsylvania Appellate Courts found only his DNA-related claims to be preserved. As such, the Commonwealth believes each of the claims raised in Pruitt's Habeas Corpus Petition unrelated to these limited issues are unexhausted and procedurally defaulted. For a full discussion of reasons supporting this claim, the Commonwealth asks the Court to refer to the arguments contained in ECF no. 151, paragraph 5, pages 2-11.

Pruitt is also not entitled to relief based upon his DNA-related claims. While these issues are preserved for consideration by this Court, as they were fully litigated by the state court, this Court has only a limited review of them under the AEDPA to basically review the rulings of the state court under federal law and to determine if the application of clearly established federal law by the state court was reasonable or if the application of that law was contrary to clearly established federal law. 28 U.S.C. §2254(d)(1) and (2). The Commonwealth made a full argument on this topic in paragraphs 17 and 29. (ECF No. 151, Paragraph 17 – pages 14-16 and Paragraph 23 – pages 18-23). Based upon these previously stated arguments, Pruitt is not entitled to relief.

### III.  CONCLUSION

For all the reasons stated in this memorandum and the Respondent's original answer, the Berks County District Attorney, Respondent, respectfully requests that this Honorable Court DENY Petitioner's Petition for Habeas Corpus Relief.

Respectfully Submitted,

John T. Adams
District Attorney

Dated: July 25, 2022

By:  /s/ *Kenneth W. Kelecic*
Kenneth W. Kelecic
Assistant District Attorney
Berks County District Attorney's Office
633 Court Street
Services Center – 5th Floor
Reading, PA  19601
610-478-6000
610-478-6002 fax
PA Id No. 202824
ECF No. kwk3771

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL PRUITT,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| vi. | : | No. 2:09-CV-1625 |
| | : | |
| **JOHN E. WETZEL, et al.** | : | **THIS IS A CAPITAL CASE** |
| Respondents | : | Electronically Filed |

### CERTIFICATE OF SERVICE

I, Kenneth W. Kelecic, Assistant District Attorney, hereby certify that I have filed the preceding document electronically via the Court's ECF filing system which caused it to be electronically served on the following people:

Loren D. Stewart
Federal Community Defenders Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19106


Dated:  July 25, 2022

By:
/s/ *Kenneth W. Kelecic*
Kenneth W. Kelecic
Assistant District Attorney
Berks County District Attorney's Office
633 Court Street
Services Center – 5th Floor
Reading, PA  19601
610-478-6000
610-478-6002 fax
PA Id No. 202824
ECF No. kwk3771