

**John T. Adams**
District Attorney

**Claudia Ferko**
Deputy Director

OFFICE OF THE
**BERKS COUNTY DISTRICT ATTORNEY**
633 COURT STREET
READING, PENNSYLVANIA  19601-4317
TELEPHONE: 610-478-6000
FAX: 610-478-6002
www.co.berks.pa.us/dept/da

**Dennis J. Skayhan**
First Assistant District Attorney

**Michael J. Gombar**
Chief County Detective

March 25, 2025,

Hon. Mitchell S. Goldberg
United States District Court, Eastern District of Pennsylvania
United States Courthouse, Room 7614
601 Market Street
Philadelphia, PA 19106

Re: <u>Pruitt v. Wetzel, et al</u>., Case No.: 09-cv-01625

Honorable Judge Mitchell Goldberg,

      This letter is in response to a Notice of Supplemental Authority filed by the Petitioner Michael Pruitt on March 20, 2025 (ECF. No 184). The purpose of their letter was to point out the recent United States Supreme Court decision in *Glossip v. Oklahoma*, No. 22-7466, 2025 WL 594736 (February 25, 2025). Counsel for Pruitt attached a copy of Glossip to their letter and as such the Commonwealth will not do the same. Counsel for Pruitt also stated in their letter how they believed *Glossip* applied to our case at bar. In doing so though, Pruitt asserts that the Commonwealth has conceded the point in question regarding the testimony of Dr. Lisa Mihalacki being knowingly false based upon one line in the Commonwealth's response pleadings. That is a gross mischaracterization of the Commonwealth's argument, and the Court should be made aware of it.

      In their letter dated February 25, 2025, (ECF 184), Pruitt states regarding Dr. Mihalacki's testimony that "every genetic marker, every place we checked from this sample and Michael Pruitt were identical to each other", that the testimony is false. Pruitt then further states "the Commonwealth has conceded that point" and quotes a brief portion of our answer in Paragraph 17 (incorrectly quoted as 19) from our initial response to the Habeas Corpus petition (ECF 151). Cherry-picking one line does not accurately represent the Commonwealth's entire statement on Dr. Mihalacki's testimony. Paragraph 17 states in total:

> By way of further answer, **the Commonwealth's DNA expert Lisa Mihalacki testified in accordance with her report and, while imprecise, was not misleading**. Ms. Mihaliacki prepared a report summarizing her findings, which was entered into evidence at trial as Commonwealth Exhibit #65. (Appendix, pg. A175-176). In that report, the reference sample used to obtain a genetic profile from the victim is identified as K1, the reference sample used to obtain a genetic profile from the Defendant is identified as K2, and the partial genetic profile obtained from the sperm fraction on the sample found on the left thigh of the victim is identified as Q1M. (Appendix., pg.

A273). That report also sets forth the genetic profile derived in relation to each of the genetic markers. For K1, K2, and Q1M, they are as follows:

| Loci | K1 (Victim) | K2 (Defendant) | Q1M (Sperm Fraction from left thigh) |
|---|---|---|---|
| **D16S539** | 12,13 | 9,11 | |
| **D7S820** | 7,12 | 10 | |
| **D13S317** | 11,12 | 11,12 | 11,12 |
| **D5S818** | 9,12 | 11,12 | |
| **CSF1PO** | 12 | 11,12 | 11,12 |
| **TPOX** | 8,11 | 8,9 | 8,9 |
| **TH01** | 9,3 | 7,8 | 7,8 |
| **vWA** | 17,19 | 14,15 | 14,15 |
| **Penta E** | 5,13 | 11,12 | 11,12 |
| **D18S51** | 16, 18 | 16 | 16 |
| **D21S11** | 28 | 28, 31 | 28,31 |
| **D3S1358** | 15, 16 | 15,16 | 15,16 |
| **FGA** | 20,23 | 22,23 | 22 |
| **D8S1179** | 11,14 | 13,14 | 13, 14 |
| **Amelogenin** | X | X,Y | Y |

(Appendix., pg. A273). The specific conclusions articulated by Ms. Mihaliacki in Commonwealth Exhibit #65 were:
The blood sample from Michael Pruitt (Item K2) matches the DNA obtained from the sperm fraction of the left inner thigh swabbing Greta A. Gougler (Item Q1M) in genetic loci CSF1PO, D3S1358, D8S1179, D13S317, D18S51, D21S11, Penta E, TH01, TPOX, vWA, and Amelogenin.
Genetic loci Amelogenin, D5S818, D7S820, D16S539, and FGA were inconclusive due to an insufficient amount of DNA.

(Appendix., pg. A273).

Ms. Mihalicki's testimony at trial is an oversimplification of the conclusions in her report and, in, that sense, they are inconsistent. It is clear that the Defendant's profile matched the profile found on the sperm fraction from the left thigh only at loci CSF1PO, D3S1358, D8S1179, D13S317, D18S51, D21S11, Penta E, TH01, TPOX, and vWA. In other words, the profiles only matched at ten out of fourteen markers.

While not matching, the remaining markers of D5S818, D7S820, D16S539, and FGA were also not inconsistent with the same loci for the Defendant's profile. Rather, the loci at those four locations were inconclusive because of insufficient DNA. A finding of inconclusiveness is distinct from a finding of exclusion. This distinction was agreed to by the defense expert, Dr. Randell Libby. (Appendix, Pg. A530). In fact, Dr. Libby conceded that the Petitioner could not be excluded for a contributor at loci FGA for the sperm fraction from the left thigh and that both he and Ms. Mihalacki agree that no usable data was produced at the loci of D5S818, D7S820, D16S539. (Appendix, Pg. A530). Dr. Libby's opinion is ultimately distilled down to one of inconclusiveness rather than exclusion. (*Id*).

Furthermore, the Commonwealth specifically denied that Dr. Mihalacki's testimony was false multiple times in subsequent paragraphs of that answer: "It is specifically denied that Ms. Mihalacki provided false testimony" in Paragraphs 75, 77, 78, 79, 80, and 89. Also, as the record reflects, a hearing regarding the DNA evidence was held before this Court on April 20, 2022. That hearing would not have been necessary if the Commonwealth were conceding the point that Dr. Mihalacki's testimony was false. Specifically in the Commonwealth's post-hearing memorandum (ECF No. 179), the Commonwealth defends the argument regarding Dr. Mihalacki's testimony not being false. Therefore, the statement by Pruitt that the Commonwealth has conceded the point regarding Mihalacki's testimony being false is purposefully and intentionally misleading when read with the entirety of the Commonwealth's position in this case.

In reference though to *Glossip*, the ruling of *Glossip* is not applicable to the case we have at bar. In *Glossip*, as summarized by Pruitt in his notice of supplemental authority (ECF 184), "pos-conviction prosecutorial disclosures indicated that the trial prosecutor knew that Sneed lied at trial when he denied having been treated by a psychiatrist for bipolar disorder and prescribed lithium for a mental disorder." Therefore *Glossip* involved a purposeful failure by the prosecutor to correct a known false statement by the witness.

That is not what occurred here. In our case, the statement by Dr. Mihalacki, as argued by the Commonwealth multiple times, does not involve a statement that is knowingly false. It is not false at all, as shown by her trial testimony and that of Pruitt's own expert Dr. Libby at the PCRA hearing and federal hearing, where the difference between inconsistency and inconclusiveness in DNA testing was thoroughly examined. It was a statement that was overly simplistic, but not contrary to the facts. As such, the Commonwealth had no ability to correct a false statement under *Napue*, as there simply was not one to correct in the first place.

Overall, the Commonwealth respectfully stands by the arguments made in our prior pleadings and the facts contained in the voluminous record of this case in requesting this court deny Michael Pruitt's request for Habeas Corpus relief.

Respectfully submitted,

/s/ *Kenneth W. Kelecic*

Kenneth W. Kelecic
Assistant District Attorney, Berks County


Cc: Loren Stewart, Esquire, Counsel for Michael Pruitt