# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL PRUITT,** | : | |
| *Petitioner*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LAUREL R. HARRY,** *et al.*, | : | |
| *Respondents*. | : | **NO. 09-cv-1625** |

## MEMORANDUM

**KENNEY, J.**                                                    **November 7, 2025**

Petitioner Michael Pruitt was convicted of five counts in Berks County Court of Common Pleas, Pennsylvania (Murder in the First Degree (18 Pa. C. S. § 2502(a)), Robbery (18 Pa. C. S. § 3502(a)), Burglary (18 Pa. C. S. § 3701(a)(1)(i)), Rape (18 Pa. C. S. § 3121), and Involuntary Deviate Sexual Intercourse (18 Pa. C. S. § 3121(a)(1)) ("IDSI")) and sentenced to death in 2005. ECF No. 187 ("Mem. Op.") at 4. On September 17, 2025, Judge Goldberg issued an exhaustive opinion vacating Petitioner's convictions for three of the counts: Murder in the First Degree, Rape, and IDSI. *Id.* at 138.

The district court's docket activity accompanying the filing of this opinion generated some confusion: The memorandum opinion by Judge Goldberg vacating three of the five counts and the sentence of death was filed on September 17, 2025, at ECF No. 187. An Order by Judge Goldberg stating the same and allowing for the Commonwealth to re-try Petitioner for the three vacated counts (Murder in the First Degree, Rape, and IDSI) was filed on September 17, 2025, at ECF No. 188 ("Order"). The following day, on September 18, 2025, an Amended Order was filed at ECF No. 189 ("Amended Order") by Judge Goldberg ordering that Petitioner be released from custody "unless the Commonwealth provides him a new trial and sentencing" without specifying the counts for which the Commonwealth could re-try Petitioner. The Amended Order at ECF No. 189 appears

to be the operative order.

In his memorandum opinion and Amended Order, Judge Goldberg did not address whether a certificate of appealability should be issued,[1] most likely on the belief that only the Commonwealth would appeal the decision. The Commonwealth did appeal on October 14, 2025—however, it appealed the original, non-operative Order (at ECF No. 188). *See* ECF No. 190; *Pruitt v. District Attorney Berks County, et al.*, Case No. 25-9001 (3d Cir.), ECF No. 1. Petitioner then correctly filed a cross-appeal to the Amended Order (at ECF No. 189) and to the memorandum opinion on October 27, 2025. *See* ECF No. 191; *Pruitt v. Sec'y PA Dep't of Corr., et al.*, Case No. 25-9002 (3d Cir.), ECF No. 1. Petitioner's cross-appeal focuses on the scope of relief granted by Judge Goldberg. Petitioner's cross-appeal prompted the Third Circuit to remand to this Court to decide whether a certificate of appealability should issue. ECF No. 197.

The Pennsylvania Supreme Court previously reviewed three of the eighteen claims, or grounds for relief, in Petitioner's habeas petition, finding that fifteen of them had been voluntarily waived by Petitioner. Mem. Op. at 15. Judge Goldberg, however, found that none of the claims had been waived and that all claims regarding the ineffective assistance of Petitioner's trial counsel had merit. *Id.* at 79. Judge Goldberg granted habeas relief based upon four of the eighteen claims and in doing so, determined that the other fourteen claims did not need to be examined or discussed. *Id.* at 16–17. Petitioner's cross-appeal seeks a review of Judge Goldberg's opinion vacating three of the five convictions (Murder in the First Degree, Rape, and IDSI) but not the other two convictions (Robbery and Burglary). *See* ECF No. 191; Mem. Op. at 138.

A certificate of appealability should issue if the petitioner has "made a substantial showing

---

[1] Although the initial Order at ECF No. 188 is superseded by the Amended Order at ECF No. 189, Judge Goldberg also did not address the issue of a certificate of appealability in the Order at ECF No. 188.

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (cleaned up).

The opinion vacating Petitioner's convictions concluded that issues with the Commonwealth's DNA evidence and testimony, and Petitioner's trial counsel's ineffectiveness in investigating and exposing the errors in the DNA evidence, infected the whole trial. Mem. Op. at 44. One of Judge Goldberg's conclusions was that Petitioner "was deprived of a fair trial with a reliable result such that confidence in its outcome has been seriously undermined." *Id.* at 138. Reasonable jurists could debate that all five counts would be affected by the deprivation of a fair trial, and not just three of the five counts. When reading the memorandum opinion (ECF No. 187), the original Order (ECF No. 188), and the Amended Order (ECF No. 189) together, it is unclear whether Judge Goldberg granted a new trial on all five counts, although he did acknowledge that Petitioner "was deprived of a fair trial." *Id.* Therefore, in the spirit of giving full review, the Court will allow a certificate of appealability for Petitioner to seek re-trial on all five counts.[2]

In his cross-appeal, Petitioner "appeals the district court's limitation of the scope of the relief granted on Claims I and II to three of the five counts of conviction, and the district court's

---

[2] The Court also recognizes that in seeking to appeal the memorandum opinion (ECF No. 187), Petitioner may be attempting to preserve his ability to obtain relief as to all five counts based upon Claims I and II as stated in his Petition for a Writ of Habeas Corpus (ECF No. 94) in the event that the Third Circuit overturns Judge Goldberg's decision granting Petitioner relief based upon Claims X and XIV.

denial of Claim II in part." ECF No. 191. In addition to the Petitioner seeking re-trial on all five counts, the Court surmises that when Petitioner challenges "the scope" of relief granted, he is seeking relief other than a new trial, such as vacating the convictions without giving the Commonwealth the option to re-try him. Obtaining relief apart from a new trial is unlikely, though, because disallowing a re-trial is a rare occurrence. While a district court has the authority to bar a re-trial, such relief is permitted only when the underlying constitutional violation is "such that it cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust." *Capps v. Sullivan*, 13 F.3d 350, 352–53 (10th Cir. 1993); *see also Foster v. Lockhart*, 9 F.3d 722, 727 (8th Cir. 1993); *Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000); *Rosa v. McCray*, 2004 WL 2827638, at *5 (S.D.N.Y. Dec. 8, 2004). Here, Petitioner has put forth no reasons why this case cannot be tried again. As such, insofar as Petitioner is seeking relief beyond a new trial, the Court declines to issue a certificate of appealability for Petitioner to challenge "the scope" of the relief granted by Judge Goldberg.

Accordingly, for the foregoing reasons, the Court grants a certificate of appealability with respect to Claim I of the Petition for a Writ of Habeas Corpus (ECF No. 94) that the ineffectiveness of Petitioner's trial counsel for failure to investigate and counter the Commonwealth's DNA evidence and testimony demonstrates prejudice towards his convictions for all five counts, and Claim II that the ineffectiveness of his trial counsel for failure to recognize the falsity of the Commonwealth's presentation of DNA evidence and to impeach the Commonwealth's witnesses demonstrates prejudice towards his convictions for all five counts. The Court declines to grant a certificate of appealability with respect to Claim II as to Judge Goldberg's decision that Petitioner's argument that the Commonwealth violated due process and his right to a fair trial under *Napue v. Illinois*, 360 U.S. 264 (1959) and *Giglio v. United States*, 405 U.S. 150 (1972),

4

was procedurally defaulted and lacks merit even if it could be reviewed.[3] *See* Mem. Op. at 50, 53.

An appropriate order will follow.


                                              **BY THE COURT:**

                                              **/s/ Chad F. Kenney**
                                              _____
                                              **CHAD F. KENNEY, JUDGE**


---

[3]    Reasonable jurists could not debate that Petitioner failed to timely assert his *Napue/Giglio* claim that the Commonwealth failed to correct the false and misleading testimony of its DNA expert and omitted the involvement of a disgraced serologist in analyzing the DNA evidence. The errors in the Commonwealth expert's DNA report and the involvement of the disgraced serologist were apparent from the face of the report and disclosed by the Commonwealth in a pre-trial letter; therefore, the *Napue/Giglio* claim could have been raised at trial or on direct appeal. Mem. Op. at 48. Petitioner's *Napue/Giglio* due process claim is thus defaulted on an independent and adequate state procedural rule, namely that errors are to be raised when they become or should have become apparent. *Id.* at 50. Reasonable jurists could not debate that Petitioner's due process claim could have been raised at trial or on direct appeal and is accordingly procedurally defaulted in a federal habeas petition.

And even if the claim could be reviewed, reasonable jurists could not debate that the claim lacks merit. The state court record shows that the Commonwealth's DNA experts sincerely believed that Petitioner was a DNA match for the collected evidence and conveyed their belief to the Commonwealth, which had no reason to disbelieve it. *Id.* at 51. As such, there was no false prosecution testimony presented at Petitioner's trial and so, there is no *Napue/Giglio* violation. *Id.* Judge Goldberg found that Petitioner failed to demonstrate that the Commonwealth's DNA experts or the Commonwealth itself knew or believed that the prosecution's DNA evidence and testimony were false or misleading. *Id.* Based on these facts, reasonable jurists could not debate that Petitioner's claim lacks merit.