## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL PRUITT, | : | |
|     *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAUREL R. HARRY, *et al.*, | : | |
|     *Respondents*. | : | NO. 09-cv-1625 |

### MEMORANDUM

**KENNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**December 3, 2025**

Before the Court is Respondents' (the "Commonwealth") motion for a stay of Judge Goldberg's order granting partial habeas relief to Petitioner, ECF No. 192 (the "Motion"). On October 14, 2025, the Commonwealth appealed Judge Goldberg's decision granting Petitioner a new trial, ECF No. 190, and Petitioner cross-appealed on October 27, 2025, ECF No. 191. On October 27, 2025, the Commonwealth filed the instant Motion and Petitioner responded on November 7, 2025, ECF No. 199. For the reasons discussed below, the Motion will be **GRANTED**.

### I. BACKGROUND

Petitioner Michael Pruitt was convicted of five counts in Berks County Court of Common Pleas, Pennsylvania (Murder in the First Degree (18 Pa. C. S. § 2502(a)), Robbery (18 Pa. C. S. § 3502(a)), Burglary (18 Pa. C. S. § 3701(a)(1)(i)), Rape (18 Pa. C. S. § 3121), and Involuntary Deviate Sexual Intercourse (18 Pa. C. S. § 3121(a)(1)) ("IDSI")) and sentenced to death in 2005. ECF No. 187 at 4. On September 17, 2025, Judge Goldberg issued an opinion vacating Petitioner's convictions for three of the five counts (Murder in the First Degree, Rape, and IDSI) due to his trial counsel's ineffectiveness in investigating and countering the Commonwealth's DNA evidence and in failing to present mitigating evidence during both the guilt and penalty phases of the trial,

but did not vacate Petitioner's convictions for robbery and burglary. *Id.* at 138. An Amended Order followed the next day, ordering that Petitioner be released from custody "unless the Commonwealth provides him a new trial and sentencing" within six months. ECF No. 189. On October 14, 2025, the Commonwealth appealed Judge Goldberg's decision granting partial habeas relief to Petitioner, ECF No. 190, and Petitioner cross-appealed on October 27, 2025, ECF No. 191. Also on October 27, 2025, the Commonwealth filed the instant Motion. On October 28, 2025, this case was reassigned from Judge Goldberg to the undersigned. ECF No. 193. Petitioner responded to the Motion on November 7, 2025. ECF No. 199. The Motion is now ripe for consideration.

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules of Appellate Procedure states that a party must first move in the district court for a stay of a judgment or order entered by the district court. *United States ex rel. Barnwell v. Rundle*, 461 F.2d 768, 769 (3d Cir. 1972). Federal Rule of Appellate Procedure 23(c) governs stays of decisions ordering the release of a prisoner pending an appeal of the order and creates a presumption of release from custody when the petitioner has been granted habeas relief. *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009); *see* Fed. R. App. P. 23(c). "[T]his presumption can be overcome if the traditional factors regulating the issuance of a stay weigh in favor of granting a stay." *O'Brien*, 557 U.S. at 1302. The traditional factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

In the habeas corpus context, in addition to the traditional factors, a court may consider the risk of flight, the potential danger to the public, and the State's interest in continuing custody. *Id.* at 777. The State's interest in continuing custody is "strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* When balancing the stay factors, courts should consider that "[w]here the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control." *Id.* at 778 (citations omitted).

### III. DISCUSSION

In his response to the Commonwealth's Motion, Petitioner claims that he is entitled to a presumption of release, citing the Supreme Court's holding in *O'Brien* that "[t]here is a presumption of release pending appeal where a petitioner has been granted habeas relief." 557 U.S. at 1302; ECF No. 199 at 3. However, in this case, Petitioner Michael Pruitt has been granted only partial habeas relief since in his opinion ordering a new trial, Judge Goldberg vacated three of Petitioner's five convictions but left the robbery and burglary convictions standing. ECF No. 187 at 138. In the two Supreme Court cases cited by Petitioner to argue for the applicability of the presumption of release, *O'Brien v. O'Laughlin*, 577 U.S. 1301 (2009) and *Hilton v. Braunskill*, 481 U.S. 770 (1987), *see* ECF No. 199 at 3, the lower courts granted full habeas relief and vacated all convictions in each case.[1] Here, because Petitioner was not granted full habeas relief and two

---

[1] In *O'Brien*, the district court had initially denied the petition for habeas relief, and on appeal, the appellate court reversed, concluding that there was insufficient evidence to establish that the petitioner was the assailant of the crimes at issue beyond a reasonable doubt. *O'Laughlin v.*

3

of his convictions remain, the presumption of release is less strong and the Court will analyze the Motion under the traditional stay factors.

The Court now turns to a consideration of those factors and the additional factors relevant in a habeas case. Starting with the first stay factor, whether the stay applicant has made a strong showing that he is likely to succeed on the merits, the Commonwealth argues that the state courts' holding during the initial round of post-conviction review that Petitioner was not prejudiced by his trial counsel's treatment of the DNA evidence was entitled to deference, especially because Judge Goldberg considered evidence from outside of the state court record. ECF No. 192 at 3–4. In its appeal, the Commonwealth also challenges Judge Goldberg's ruling that Petitioner's other claims not pertaining to the DNA evidence were not waived, contending that an on-the-record colloquy by the state post-conviction court was valid. *Id.* at 4; *see* ECF No. 187 at 62–79.

Having been recently reassigned the case after Judge Goldberg issued his decision on the matter, and noting the complexity of the issues involved (which resulted in an exhaustive 142-page opinion by Judge Goldberg, ECF No. 187), the Court will decline to comment on the Commonwealth's likelihood of success on the merits. Given there is a cross-appeal by Petitioner, it is not predictable how the Third Circuit will rule on the various issues being appealed by both Parties. In any case, even if a stay applicant fails to make a strong showing on the likelihood of success on the merits, "continued custody is permissible if the second and fourth factors of the traditional stay analysis mitigate against release, together with the possibility of flight and danger to the public posed by the petitioner's release, and the length of the sentence remaining." *Rosa v.*

---

*O'Brien*, 568 F.3d 287, 308 (1st Cir. 2009). The appellate court ordered the district court to grant the habeas petition. *Id.* at 290. Similarly, in *Hilton,* the district court granted the petitioner full habeas relief on the grounds that the trial court's refusal to permit the testimony of an alibi witness on behalf of petitioner was not harmless error and cast doubt that the petitioner was the assailant at all. *Braunskill v. Hilton*, 629 F. Supp. 511, 525–26 (D.N.J. 1986).

*Slaughter*, No. 20-cv-4686, 2023 WL 3570543, at * 4 (D.N.J. May 18, 2023) (granting stay despite finding that Respondents "have not made a strong showing on the likelihood of success on the merits").

Moving to the second stay factor, whether the stay applicant will be irreparably injured absent a stay, the Commonwealth argues that it is unlikely that its appeal will be resolved within six months of Judge Goldberg's Order and accordingly, denial of a stay pending appeal may eliminate the Commonwealth's ability to appeal. ECF No. 192 at 4. District courts in this circuit have found that "the inability to appeal" may constitute irreparable injury absent a stay. *Rosa*, 2023 WL 3570543, at *5. Therefore, the second factor weighs in favor of the Commonwealth.

Turning to the third traditional factor, whether a stay will substantially injure Petitioner, given that Judge Goldberg's opinion vacated only three of Petitioner's five convictions, ECF No. 187 at 138, which Petitioner acknowledges, ECF No. 199 at 3 (noting "this Court did not grant habeas relief on the robbery and burglary counts"), Petitioner "would not be released from custody until 2042 or such time as the Parole Board were to grant him parole." *Id.* Petitioner's sentences on the robbery and burglary counts (a total of 20-40 years) were unaffected by the habeas relief granted. *Id.*; ECF No. 187 at 138. Since Petitioner still has to continue serving his remaining sentences, and there is "no indication that the [Parole] Board will consider parole under the circumstances of this case," ECF No. 199 at 3, the Court finds that the third factor does not weigh in favor of release because a stay pending appeal will not substantially injure Petitioner.

Turning to the final stay factor, where the public interest lies, the Court will also take into consideration the additional factors relevant in the habeas context: the risk of flight, the potential danger to the public, and the State's interest in continuing custody. *See Hilton*, 481 U.S. at 777; *Rosa*, 2023 WL 3570543, at *5. The Commonwealth argues that a stay would be in the interest of

the public "[g]iven the severity of the crimes which Pruitt was charged." ECF No. 192 at 5. Petitioner counters that "the severity of the crimes do not counsel in Respondent's favor" because Petitioner has been granted habeas relief. ECF No. 199 at 6. As discussed above, Judge Goldberg did not vacate Petitioner's convictions for the robbery and burglary offenses, which are still serious crimes, especially in light of the fact that the victim was an elderly woman. *See* ECF No. 187 at 2, 138. Petitioner also has two prior convictions for burglary. *See id.* at 4–5. These convictions suggest that Petitioner could pose a danger to the public if released. Neither Party has commented on whether Petitioner is a flight risk, so the Court will not consider this factor in deciding whether to stay the order granting partial habeas relief. Because Petitioner has approximately 17 years remaining on his burglary and robbery sentences, *see* ECF No. 199 at 3, the Commonwealth has a strong interest in continuing custody while the appeal is pending. *See Hilton*, 481 U.S. at 777 (the state's interest in retaining custody is "strongest where the remaining portion of the sentence to be served is long"). Additionally, district courts in this circuit have recognized that "a stay is more likely to be granted where it would merely preserve the status quo pending the appeal." *Hakeem v. Beyer*, 774 F. Supp. 276, 297 (D.N.J. 1991) (citation omitted), *vacated and remanded on other grounds*, 990 F.2d 750 (3d Cir. 1993) (upholding stay imposed by the district court).

Upon consideration of the four traditional stay factors and the additional habeas factors, the Court finds that the factors weigh in favor of issuing a stay pending appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Commonwealth's Motion for Stay of Judgment and Order Pending Appeal (ECF No. 192). An appropriate order will follow.

**BY THE COURT:**

 /s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**